IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CYNTHIA RAE SCHIAVONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-1107-SSA-CV-W-MJW |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Cynthia Rae Schiavone seeks judicial review,[1] of a final administrative decision denying plaintiff disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.* Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a final decision of the Commissioner of the Social Security Administration under Title II. Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review to the same extent as the Commissioner's final determination under section 205.

The parties' briefs are fully submitted, and an oral argument was held on October25, 2012. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

### Standard of Review

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

supports it.   As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently. Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1).   See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).   To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment."   McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; the claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of the claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments.   McMillian, 697 F.2d at 221.

## Discussion

Decision of the ALJ

Plaintiff was born in 1957 and was 52 years of age when she alleges she became disabled. Plaintiff's alleged disability onset date is February 4, 2010.   The opinion of the Administrative Law Judge (ALJ) found that plaintiff had not worked since her alleged onset date and was insured through December of 2012.   In her disability report, plaintiff claimed disability due to bipolar disorder, depression, anxiety, edema in her legs and ankles, carpal tunnel syndrome, prolonged heartbeat, and arthritis.   The ALJ determined plaintiff to have the following severe impairments: a mental impairment variously diagnosed to include poly-substance abuse, including alcohol and opiates (heroine, prescription opiates, cocaine); bipolar disorder, depression and anxiety disorder. The ALJ found that plaintiff's impairments, including the substance abuse disorders, met section 12.04 and 12.09 of 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d) and 416.920(d)).   Therefore, the ALJ determined that with substance abuse, plaintiff was disabled.

2

The ALJ went on to find that if plaintiff stopped the substance abuse, she would not have an impairment or combination of impairments that meets or medically equals any of the impairments listed in 20 C.F.R. Part 404, Appendix 1. Because without substance abuse the ALJ determined plaintiff did not meet a listing, the ALJ then determined what residual functional capacity (RFC) plaintiff would have if she stopped substance abuse. The ALJ determined that based on the medical evidence and the evidence in the record as a whole, plaintiff would have the RFC to perform light work with limitations to account for her impairments which remain absent substance abuse. The ALJ determined that plaintiff should only occasionally climb ramps and stairs, but should never climb ladders, ropes or scaffolds. The ALJ further limited plaintiff for work tasks that can be learned in 30 days or less involving no more than simple work-related decisions and few workplace changes. Plaintiff was further limited to no more than occasional interaction with the public, coworkers and supervisors.

Based on this RFC, the ALJ found that plaintiff could not do her past relevant work as a driver and dispatcher clerk because these were semi-skilled jobs. However, the ALJ went on to find, with the assistance of testimony from a vocational expert, that plaintiff's RFC, in combination with her age, education and work experience, would allow her to do jobs which exist in significant numbers in the national economy. Based on this determination, the ALJ found that plaintiff would not be disabled if she stopped the substance abuse, and that plaintiff's substance abuse disorder is a contributing factor material to the determination of disability. Thus, the ALJ found plaintiff was not disabled as defined by the Social Security Act.

Issues

The specific issues in this case are whether (1) the ALJ properly evaluated plaintiff's mental condition absent the effects of substance abuse under Listing § 12.04C; (2) the ALJ properly evaluated the medical opinion evidence; and (3) the ALJ properly assessed plaintiff's limitations and demonstrated other work she could perform.

Plaintiff's Drug Abuse

Since 1996, amendments to the Social Security Act preclude a claimant's application for benefits if alcohol or drug abuse compromises a contributing fact material to the determination of

3

the disability.[2]  Brueggemann v. Barnhart, 348 F.3d 689, 693 (8th Cir. 2003) (citing 42 U.S.C. § 423(d)(2)(C), 20 C.F.R. § 404.1535).  The burden of proving drug abuse was not a contributing factor material to the disability determination falls on the claimant.  Brueggemann, 348 F.3d at 693.  However, if the ALJ is unable to determine whether substance abuse disorder is a contributing factor material to the claimant's otherwise-acknowledged disability, the claimant's burden of proof has been met and an award of benefits must follow.  Id.  Brueggemann sets forth the approach that must be followed by the ALJ in order to determine whether substance abuse of the claimant is material to the determination of disability.  348 F.3d at 694-95.  See also 20 C.F.R. § 404.1525(b).

Here, the ALJ's analysis was proper.  See id.  There is substantial evidence in the record to support that, absent drug abuse, plaintiff would no longer meet a listing.  The ALJ properly weighed the medical evidence, including the Medical Source Report and treatment notes of Dr. True.[3]  The ALJ's subsequent RFC determination for plaintiff was not error.  The ALJ gave proper consideration to what impairments would remain if plaintiff was not abusing drugs.  Based on plaintiff's RFC and the testimony of a vocational expert, the ALJ did not err in finding that there were jobs which existed in substantial numbers in the national economy that plaintiff could perform.

## Conclusion

Plaintiff has failed to meet her burden of showing that her substance abuse was not a contributing factor in her disability.  Rather, there is substantial evidence in the record as a whole

---

[2] The relevant statutory provision states, "An individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that an individual is disabled."  42 U.S.C. § 423(d)(2)(c).

[3] Dr. True's treatment notes were inconsistent with his opinion of plaintiff's mental functioning absent the effects of substance abuse.  For example, Dr. True consistently noted that plaintiff was euthymic.  See Halverson v. Astrue, 600 F.3d 922, 930 (8th Cir. 2010) (citing Davidson v. Astrue, 578 F.3d 838, 842 (8th Cir. 2009) ("It is permissible for an ALJ to discount an opinion of a treating physician that is inconsistent with the physician's clinical treatment notes.")).  Moreover, Dr. True's overall assessment of plaintiff's functioning was consistent with the evidence of plaintiff's functioning when she abused substances, and was inconsistent with the evidence of plaintiff's functioning absent the effects of substance abuse.

4

to support the ALJ's conclusion that plaintiff's substance abuse was material to the determination of her disability and that without the substance abuse, plaintiff would not be disabled. There is substantial evidence in the record to support the ALJ's decision that plaintiff is not disabled as defined by the Social Security Act.[4]

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is affirmed.

Dated this 27th day of November, 2012, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge

---

[4] Plaintiff's arguments in support of this appeal were carefully and fully considered. Any arguments that are not specifically discussed in this order have been considered and determined to be without merit. This Court finds that there is substantial evidence in the record to support the decision of the ALJ.